CHARLES REYNOLDS, PLAINTIFF-RESPONDENT, v. THE ZISETTE COMPANY, INCORPORATED, DEFENDANT-APPELLANT.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *Frank J. Davies*.

For the defendant-appellant, *Colton & Hare*.

PER CURIAM.

This is an appeal from a judgment for $180 damages and $12.60 costs, entered in the First District Court of the city of Paterson. The suit was for damages to silk portieres which plaintiff had given to the defendant to be cleaned and which, as alleged, were irreparably damaged in the cleaning.

The first and second points relate to the admission of the testimony of Eleanor S. Reynolds on matters claimed by the appellant to be hearsay. We are of the opinion that a number of the questions, admitted over the defendant's objection, called for and were answered with testimony that was clearly hearsay. One such question was as follows: "Did you inquire about and make inquiries about the silk, as to the value of replacing them?" Objection was made and overruled, and an exception was taken. The question, slightly changed but substantially the same, was repeated and was answered—omitting the interruption of a further objection made in the course thereof—"I went to several factories, mills here in Paterson, to see if they made the material, and they said

no; and the place at the end of Market street, way down at the end of Market street, whatever its name is, told me to replace that goods he would need to order—whatever gentleman waited on me at that factory told me it would be fifteen dollars or sixteen dollars a yard to replace that to-day. They told me it was pure silk in two or three places, and they didn't have anything like that now." The purpose of this evidence was to show the extent of the loss sustained by the plaintiff by reason of the injury to his silk portieres. It was incompetent and a judgment which rests in any degree upon such testimony cannot be supported. *Arata* v. *Sullivan,* 63 *N. J. L.* 46.

We deem it unnecessary to consider the remaining points raised on appellant's brief.

The judgment is reversed.